UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JONATHAN DAVID WOOLSEY, <br><br> Plaintiff, <br><br> v. <br><br> CORTNEY NA WOOLSEY n/k/a ROBSON, <br><br> Defendants. | CAUSE NO.: 2:22-CV-12-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on a Notice of Removal [ECF No. 1] filed on January 19, 2022, by the Defendant Cortney Na Woolsey n/k/a Robson. The Defendant removed the Plaintiff Jonathan David Woolsey's Motion to Modify Judgement of Divorce Regarding Custody, Parenting Time and Child Support [ECF No. 3] to this Court from the Cass County Circuit Court in Michigan. The Plaintiff objects to removal. ECF No. 6. For the forgoing reasons, the Court lacks subject matter jurisdiction to consider this case.

**DISCUSSION**

Federal courts are courts of limited jurisdiction. *See* U.S. Const. Art. III. A defendant may remove a case that was originally filed in state court to federal court if the case satisfies certain jurisdictional requirements as provided by statute. *See* 28 U.S.C. §§ 1441–55. Under 28 U.S.C. § 1441,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Here, the Defendant alleges that she may properly remove the action because the Court has jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. She also alleges that she may properly remove the action because the Court has jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Court is "always 'obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (quoting *Mt. Healthy City . Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). "A case must be remanded to state court if subject-matter jurisdiction is lacking or if the defendant failed to comply with the removal statute." *Ayotte v. Boeing Co.*, 316 F. Supp. 3d 1066, 1072 (N.D. Ill. 2018) (citing *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 625–26 (7th Cir. 2013)).

In this case, the Court lacks subject matter jurisdiction.[1] Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review or reverse orders issued in a state court case. *See Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020) (explaining that a lawsuit is barred by the *Rooker-Feldman* doctrine when "any finding in favor of the [plaintiff] would require [the federal court] to contradict the state court's orders"); *Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) (observing that, under the *Rooker-Feldman* doctrine, "lower federal courts do not have jurisdiction to conduct direct review of state court decisions"). In essence, the *Rooker-*

---

[1] Removal to this Court is also improper because, under 28 U.S.C. § 1441, removal from state court is to the federal district court that encompasses the place where the state action is pending. This state case is pending in Cass County, Michigan, which is not within the Northern District of Indiana, Hammond Division.

*Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). Here, because the Plaintiff seeks modification of the state court's judgment of divorce, the *Rooker-Feldman* doctrine is a jurisdictional bar. This Court has no authority to modify the orders of the state court.

In addition, federal subject matter jurisdiction is limited by the "domestic relations" exception, which prevents federal courts from issuing orders involving divorce, decrees of alimony, and child custody orders. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019) (finding that the suit challenging the plaintiff's child-support obligations "falls squarely within the domestic-relations exception"); *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) ("[T]he domestic-relations exception . . . denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court."). The Defendant seeks removal of the Plaintiff's Motion to Modify Judgement of Divorce Regarding Custody, Parenting Time and Child Support. The Court lacks subject jurisdiction over the Plaintiff's motion because the motion seeks the modification of a divorce and custody judgment. Even if the Defendant attempted to remove the entire case, the Court lacks jurisdiction because the case is a divorce and child custody case.

## CONCLUSION

Based on the foregoing, the Court hereby REMANDS the case to the Cass County, Michigan, Circuit Court.

SO ORDERED on February 3, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT